IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WIAV NETWORKS, LLC, a Virginia Limited Liability Company, | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. _____ |
| DELL INC., a Delaware Corporation, RESEARCH IN MOTION CORPORATION, a Delaware Corporation, | § § § | |
| Defendants. | § § § § | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WIAV Networks, LLC ("WIAV" or "Plaintiff"), by counsel and pursuant to the Federal Rules of Civil Procedure, alleges the following against Defendants Research in Motion Corporation ("RIM") and Defendant Dell Inc. ("Dell") (collectively "Defendants") for patent infringement:

## NATURE OF THE ACTION

1.      Plaintiff WIAV owns issued United States Patent Nos. 6,480,497 entitled "Method and Apparatus for Maximizing Data Throughput in a Packet Radio Mesh Network" (the "'497 Patent") and 5,400,338 entitled "Parasitic Adoption of Coordinate-Based Addressing by Roaming Node" (the "'338 Patent").

2.      Upon information and belief, in violation of 35 U.S.C. § 271, Defendants have used and continue to use technology embodying the invention claimed in the '497 Patent and '338 Patent in products, systems and/or methods that Defendants make, use, sell, offer for sale,

and/or import in the U.S. (e.g., in violation of 35 U.S.C. § 271(a)), actively induced others to infringe (e.g., in violation of 35 U.S.C. § 271(b)), and contributed to the infringement of others (e.g., in violation of 35 U.S.C. § 271(c)), without Plaintiff's permission.

3.      Upon information and belief, Defendants committed their acts of infringement during Plaintiff's period of ownership of the '497 and '338 patents.

4.      On or about October 10, 2009, and February 24, 2011, Plaintiff sent letters to RIM informing RIM of its infringement of the '497 and '338 patents and offering a license.  RIM responded by email and letter on or about March 21, 20011, stating that it was conducting an investigation into WiAV's averments of infringement.  RIM thus had actual notice of its infringement of the '497 and '338 patents in October, 2009, and again in February, 2011.

5.      On July 7, 2009, Plaintiff filed a patent infringement lawsuit against Dell in the U.S. District Court for the Eastern District of Texas having the case number 5:09-cv-00101 ("prior lawsuit").  The complaint in the prior lawsuit was served on Dell soon thereafter.  The prior lawsuit was later transferred to the U.S. District Court for the Northern District of California having the case number 10-03448 WHA.  On or about October 1, 2010, Dell was dismissed from the prior lawsuit without prejudice for misjoinder under Fed. R. Civ. P. 21.  Dell thus had actual notice of its infringement of the '497 and '338 patents when the complaint in the prior lawsuit was served on it.

6.      Plaintiff seeks damages for Defendants' direct and indirect infringement of the '497 Patent and the '338 Patent.

## THE PARTIES

7.      Plaintiff WIAV is a Virginia limited liability company with its principal place of business at 11289 Stones Throw Drive, Reston, Virginia 20194.

8.      On information and belief, RIM is a company organized and existing under the laws of Delaware, with its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039.

9.      On information and belief, Dell is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Dell Way, Round Rock, Texas 78682.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq.* because Defendants have committed acts of patent infringement within the United States and this judicial district.  Accordingly, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      Venue is proper in this judicial district because Defendants are corporations subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 139(b)-(c).

12.      On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) having its principal place of business in the State of Texas, (ii) a portion of the infringements alleged herein, including using, selling, offering to sell products, methods, and systems that infringe claims of the '497 Patent and '338 Patent, as well as inducing and contributing to the infringement of those patents, in this forum, (iii) the presence of established distribution channels for Defendants' products in this forum; and (iv) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial District.

## COUNT I

## INFRINGEMENT OF THE '497 PATENT

13.     Plaintiff repeats and incorporates by reference each of the allegations contained in

Paragraphs 1 through 12 above, and further alleges as follows:

14.     The United States Patent and Trademark Office issued the '497 Patent on

November 12, 2002.  A true and correct copy of the text of the '497 Patent is attached to this

Complaint as Exhibit A.  Plaintiff WIAV is the owner of the '497 Patent.

15.     Without a license or permission from Plaintiff, on information and belief, RIM

infringed, actively induced infringement of, and contributed to the infringement of the '497

Patent by, *inter alia*, importing, making, using, offering to sell, and/or selling products and

devices which embody or result in practice of the patented invention. On information and belief,

the infringing products and devices include, but are not limited to, WiFi enabled handheld

devices (e.g., the Black Berry Torch) imported, made, used, offered for sale, and/or sold by RIM.

16.     The infringing products identified above are exemplary only, and are not intended

to exclude any and all other products that are WiFi enabled that infringe the patent-in-suit

through RIM's actions of making, using, offering to sell, and/or selling products and devices

which embody or result in practice of the patented invention. On information and belief, RIM

has induced and contributed to the infringement of the patent-in-suit by others by*, inter alia*,

causing others, including consumers, to sell, use or practice the patented invention.

17.     On information and belief, and by way of example regarding indirect

infringement, end-users and distributors of products sold to them by RIM (including at least the

RIM products identified above) infringe the patented invention in using, offering for sale, and

reselling RIM's products, including practicing the patented invention through use of RIM's

products for their intended purposes.  On information and belief, RIM knew, should have known, and specifically intended that its products' end-users and distributors would engage, or would likely engage, in the aforementioned directly infringing activities.  On information and belief, RIM designed, caused to be designed, made, marketed, offered for sale, sold and imported its products to be specifically used and resold by end-users and distributors while infringing the '497 Patent.  On information and belief, RIM also knew and should have known that its products and product components were designed to be components of patented devices, systems and methods, and that the '497 Patent was infringed by end-users and distributors of RIM's products through use of those products and components, with no substantial non-infringing uses.

18.    RIM's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, RIM's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

19.    Without a license or permission from Plaintiff, on information and belief, Dell infringed, actively induced infringement of, and contributed to the infringement of the '497 Patent by, *inter alia*, importing, making, using, offering to sell, and/or selling products and devices which embody or result in practice of the patented invention. On information and belief, the infringing products and devices include, but are not limited to, WiFi enabled laptops (e.g., Dell Inspiron 14R), desktop computers, tablets, smartphones, projectors, printers, televisions, and home theater equipment imported, made, used, offered for sale, and/or sold by Dell.

20.    The infringing products identified above are exemplary only, and are not intended to exclude any and all other products that are WiFi enabled that infringe the patent-in-suit through Dell's actions of making, using, offering to sell, and/or selling products and devices which embody or result in practice of the patented invention. On information and belief, Dell has

induced and contributed to the infringement of the patent-in-suit by others by*, inter alia*, causing others, including consumers, to sell, use or practice the patented invention.

21. On information and belief, and by way of example regarding indirect infringement, end-users and distributors of products sold to them by Dell (including at least the Dell products identified above) infringe the patented invention in using, offering for sale, and reselling Dell's products, including practicing the patented invention through use of Dell's products for their intended purposes. On information and belief, Dell knew, should have known, and specifically intended that its products' end-users and distributors would engage, or would likely engage, in the aforementioned directly infringing activities. On information and belief, Dell designed, caused to be designed, made, marketed, offered for sale, sold and imported its products to be specifically used and resold by end-users and distributors while infringing the '497 Patent. On information and belief, Dell also knew and should have known that its products and product components were designed to be components of patented devices, systems and methods, and that the '497 Patent was infringed by end-users and distributors of Dell's products through use of those products and components, with no substantial non-infringing uses.

22. Dell's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, Dell's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

**COUNT II**

**INFRINGEMENT OF THE '338 PATENT**

23. Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 22 above, and further alleges as follows:

24.     The United States Patent and Trademark Office issued the '338 Patent on March 21, 1995.  A true and correct copy of the text of the '338 Patent is attached to this Complaint as Exhibit B.  Plaintiff WIAV is the owner of the '338 Patent.

25.     Without a license or permission from Plaintiff, on information and belief, RIM infringed, actively induced infringement of, and contributed to the infringement of the '338 Patent by, *inter alia*, importing, making, using, offering to sell, and/or selling products and devices which embody or result in practice of the patented invention. On information and belief, the infringing products and devices include, but are not limited to, WiFi enabled handheld devices (e.g., the Black Berry Torch) imported, made, used, offered for sale, and/or sold by RIM.

26.     The infringing products identified above are exemplary only, and are not intended to exclude any and all other products that are WiFi enabled that infringe the patent-in-suit through RIM's actions of making, using, offering to sell, and/or selling products and devices which embody or result in practice of the patented invention. On information and belief, RIM has induced and contributed to the infringement of the patent-in-suit by others by*, inter alia*, causing others, including consumers, to sell, use or practice the patented invention.

27.     On information and belief, and by way of example regarding indirect infringement, end-users and distributors of products sold to them by RIM (including at least the RIM products identified above) infringe the patented invention in using, offering for sale, and reselling RIM's products, including practicing the patented invention through use of RIM's products for their intended purposes.  On information and belief, RIM knew, should have known, and specifically intended that its products' end-users and distributors would engage, or would likely engage, in the aforementioned directly infringing activities.  On information and belief, RIM designed, caused to be designed, made, marketed, offered for sale, sold and imported its

products to be specifically used and resold by end-users and distributors while infringing the '338 Patent.  On information and belief, RIM also knew and should have known that its products and product components were designed to be components of patented devices, systems and methods, and that the '338 Patent was infringed by end-users and distributors of RIM's products through use of those products and components, with no substantial non-infringing uses.

28.     RIM's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, RIM's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

29.     Without a license or permission from Plaintiff, on information and belief, Dell infringed, actively induced infringement of, and contributed to the infringement of the '338 Patent by, *inter alia*, importing, making, using, offering to sell, and/or selling products and devices which embody or result in practice of the patented invention. On information and belief, the infringing products and devices include, but are not limited to, WiFi enabled laptops (e.g., Dell Inspiron 14R), desktop computers, tablets, smartphones, projectors, printers, televisions, and home theater equipment imported, made, used, offered for sale, and/or sold by Dell.

30.     The infringing products identified above are exemplary only, and are not intended to exclude any and all other products that are WiFi enabled that infringe the patent-in-suit through Dell's actions of making, using, offering to sell, and/or selling products and devices which embody or result in practice of the patented invention. On information and belief, Dell has induced and contributed to the infringement of the patent-in-suit by others by, *inter alia*, causing others, including consumers, to sell, use or practice the patented invention.

31.     On information and belief, and by way of example regarding indirect infringement, end-users and distributors of products sold to them by Dell (including at least the

Dell products identified above) infringe the patented invention in using, offering for sale, and reselling Dell's products, including practicing the patented invention through use of Dell's products for their intended purposes.  On information and belief, Dell knew, should have known, and specifically intended that its products' end-users and distributors would engage, or would likely engage, in the aforementioned directly infringing activities.  On information and belief, Dell designed, caused to be designed, made, marketed, offered for sale, sold and imported its products to be specifically used and resold by end-users and distributors while infringing the '338 Patent.  On information and belief, Dell also knew and should have known that its products and product components were designed to be components of patented devices, systems and methods, and that the '338 Patent was infringed by end-users and distributors of Dell's products through use of those products and components, with no substantial non-infringing uses.

32.     Dell's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Dell's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     For a judgment declaring that Defendants infringed at least one claim of the '497 Patent.

B.     For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement of the '497 Patent, together with interest and costs, and in no event less than a reasonable royalty.

C.     For a judgment declaring that Defendants' infringement of the '497 Patent has been willful and deliberate.

D.      For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of each Defendants' willful and deliberate infringement of the '497 Patent.

E.      For a judgment declaring that Defendants infringed at least one claim of the '338 Patent.

F.      For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement of the '338 Patent, together with interest and costs, and in no event less than a reasonable royalty.

G.      For a judgment declaring that Defendants' infringement of the '338 Patent has been willful and deliberate.

H.      For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of each Defendants' willful and deliberate infringement of the '338 Patent.

I.      For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs, and attorneys' fees under 35 U.S.C. § 285.

J.      For a grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants from further acts of infringement.

K.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

DATED:  September 12, 2011

WIAV NETWORKS LLC

By: s/Vincent J. Allen
Vincent J. Allen
Texas Bar Number: 24012209
Carstens & Cahoon, LLP
13760 Noel Road, Suite 900
Dallas, TX 75240
Telephone: (972) 367-2001
Facsimile: (972) 367-2002
Email: allen@cclaw.com


Mark Sutton (SBN 120255) *Pro Hac*
Attorney-In-Charge
Michael Oleinik (SBN 181163) *Pro Hac*
Soo A. Hong (SBN 196432) *Pro Hac*
Rex Hwang (SBN 221079) *Pro Hac*
LEE, HONG, DEGERMAN, KANG &
WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017
Telephone: (213) 623-2221
Facsimile:  (213) 623-2211
Email: msutton@lhlaw.com
          moleinik@lhlaw.com
          sooh@lhlaw.com
          rhwang@lhlaw.com

**ATTORNEYS FOR PLAINTIFF WIAV
NETWORKS LLC**