IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WIAV NETWORKS, LLC, *a Virginia Limited Liability Company*, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Civil Action No.: 3:11-CV-2352-M |
| DELL, INC., a Delaware Corporation, and RESEARCH IN MOTION CORPORATION, *a Delaware Corporation*, | § § § | |
| *Defendants*. | § § | |

## AMENDED PATENT SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b) and 26, the local civil rules of this Court (except as modified herein), the Court's Civil Justice Expense and Delay Reduction Plan, and in consideration of any appropriate proposal submitted by the parties, the Court enters this Amended Patent Scheduling Order. *Miscellaneous Order No. 62* is in effect except as set out in this Order. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Trial Date:** This case is **set for jury trial** on this Court's two-week docket beginning **September 23, 2013, at 9:00 a.m.** Counsel and the parties must be ready for trial on two (2) business days notice at any time during this two-week period, unless the Court specifies otherwise at the pretrial conference. **Any potential conflicts which can now be contemplated must be called to the attention of the Court in writing within ten (10) days of the date of this Patent Scheduling Order.**

2. **Joinder of Parties:**   By **April 19, 2012**, all motions requesting **joinder** of additional parties shall be filed.

3. **Amendment of Pleadings:**  By **April 19, 2012**, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph.  The amending party shall attach as an exhibit to the Amended Complaint a redlined version of the Complaint.

4. **Dispositive Motions:**    All motions that would dispose of all or any part of this case, including motions for **summary judgment,** shall be filed by **May 28, 2013**.  Cross-motions for summary judgment shall not, except in truly extraordinary circumstances, be permitted to be filed after the dispositive motion deadline.  If the parties seek to extend the dispositive motion deadline closer to the trial date than 120 days, such an extension may mean that the Court may not be able to decide such motions before trial.  Delay in deciding motions will not affect the trial date.  **The Court strongly encourages that opening briefs be no longer than 75 pages, and the responses no longer than 40 pages.** The inclusion of a dispositive motion deadline does not mean that the parties can file more than one motion for summary judgment.  If such a motion is filed by a party, that party will have to seek leave to file any additional motion(s) for summary judgment.

5. **Initial Designation of Experts:**  Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before **February 20, 2013**.

Amended Patent Scheduling Order -  Page 2

6. **Responsive Designation of Experts:**  Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) on or before **April 1, 2013**.

7. **Objections to Experts:**  Objections to the qualifications or competency of experts, sometimes referred to as <u>Daubert</u> motions, <u>must</u> be made in a written motion filed no later than **June 24, 2013**.

8. **Handling and Protection of Privileged or Trial-Preparation Material:**  The parties shall submit, **no later than February 10, 2012**, the Confidential Information Protective Order which is Appendix A to Miscellaneous Order No. 62, for protection of proprietary information that will also delineate the handling of attorney-client and attorney-work product information, except that the time limits of Paragraph 3 of that version of the Protective Order will be extended from fourteen (14) days to thirty (30) days.

9. The parties shall adhere to the following schedule:

| Local Rule | Description | Deadline |
| --- | --- | --- |
| 3-1 | Plaintiff's disclosure of asserted claims and preliminary infringement contentions must be served; notice of service of same to be filed | Already served December 29, 2011 |
| 3-2 | Plaintiff's document production | Already served December 29, 2011 |
| 3-3 | Defendant's preliminary invalidity contentions to be served; notice of service of same to be filed | February 21, 2012 |
| 3-4 | Defendant's document production | February 21, 2012 |
| 4-1 | Exchange / Confer re: claim elements to be construed | March 23, 2012 |

Amended Patent Scheduling Order -  Page 3

| 4-2 | Initial claim constructions and extrinsic evidence | April 27, 2012 |
|---|---|---|
| 4-2 | Meet and confer to limit claim construction Issues | May 15, 2012 |
| 4-3 | Joint claim construction prehearing statement | June 8, 2012 |
| 4-4 | Complete claim construction discovery | July 9, 2012 |
| 4-5(a) | Claim construction briefs **(limited to forty (40) pages)** | July 24, 2012 |
| 4-5(b) | Claim construction responsive briefs | August 7, 2012 |
| 4-5(c) | Joint submission of claim construction chart | August 14, 2012 |
| | Technology tutorial | September 6, 2012, at 9:00 a.m. |
| 4-6 | Claim construction hearing | Thursday, September 20, 2012, at 9:00 a.m. |

10. **Pretrial Disclosures and Objections:**  Unless otherwise directed by Order, the parties

must make the disclosures required by Rule 26(a)(3)(A)(i)-(iii), Fed. R. Civ. P. by

**September 9, 2013**.  Within **seven (7) days** thereafter, a party must serve and file a list

disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by

another party under Rule 26(a)(3)(A)(ii), and (ii) any objection, together with the grounds

therefor, that may be made to the admissibility of materials identified under Rule

26(a)(3)(A)(iii), if any.  Other than exhibits on file with the Court, the objecting party

must attach to the objections the materials to which the objections are directed.  Counsel,

or the party if not represented by counsel, must confer about exhibits and deposition

designations and make reasonable efforts to agree on admissibility prior to the pretrial

conference, at which time the Court will rule on the admissibility of the exhibits.

11. **Completion of Discovery:**   By **March 22, 2013**, all **factual discovery** shall be completed**.**  By **May 10, 2013**, all **expert discovery** shall be completed. The parties may agree to extend these discovery deadlines, provided (1) the extension does not affect the trial or pretrial material submission or dispositive motion dates, and (2) **prompt written notice** of the extension is given to the Court. **Expert Depositions:** The Plaintiff may conduct up to ten (10) hours of depositions per expert, per report.  The Defendants share that time; however, two (2) hours are added for the 2nd, 3rd, and 4th, etc., defendant. **Non-Expert Depositions:** Each party may have 175 hours to divide among non-expert opposing party-fact witnesses and third-party witnesses (whether they are Rule 30(b)(6) witnesses or otherwise). **Requests for Admission:** The parties may serve 150 requests for admission with respect to substantive matters, but there will be no limit on requests for admission served in order to authenticate documents and/or discovery or to establish documents as business records under the exception to the hearsay rule.

12. **Settlement Status Report and Settlement Conference:**  Counsel, or the respective party if not represented by counsel, are directed to confer and file with the Court by **January 11, 2013**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case.  If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred.  Counsel shall include in such report a statement about their views about ADR (timing and preference for provider, if any), and desire for a settlement conference to be conducted by the Magistrate Judge.  Not later than **September 3, 2013**, the parties and their respective lead

counsel must meet in person or by telephone conference to discuss settlement of this

case.  All parties must make a good faith effort to settle this case.  At the conclusion of

this conference, counsel must, **within three business days**, notify the Court in writing

of the participants' names and capacities, and the results of the settlement conference.

13.  **Pretrial Materials:**

(a)  By **September 9, 2013**, the following pretrial materials **must** be filed:

1.  **Pretrial Order:** A **joint pretrial order** shall be submitted by Plaintiff's
attorney which covers each of the matters listed in Local Rule 16.4 and
which states the **estimated length of trial**.  If an attorney for either party
does not participate in the preparation of the joint pretrial order,
the opposing attorney shall submit a separate pretrial order with an
explanation of why a joint order was not submitted (so that the Court
can impose sanctions, if appropriate); however, failure to agree upon
content or language is **not an excuse for submitting separate
pretrial orders,** since each party may present its version of any
disputed matter in the joint pretrial order.  When the joint pretrial order
is approved by the Court, it will control all subsequent proceedings
in this case.  **Parties shall summarize their claims and defenses
in the pretrial order.**

2.  **Witness List:**  Each party must file a **list of witnesses** who may be
called by each party in its case in chief.  Each witness list shall contain
a brief **narrative summary** of the testimony to be elicited from each
witness, shall state whether the witness has been deposed, and whether
the witness's testimony at trial is "**probable**," "**possible**," "**expert**," or
"**record custodian**."  A copy of this list must be furnished to the Court
reporter **prior** to trial.

3.  **Exhibit List and Deposition Testimony:**  A **list of exhibits** and a
**designation  of portions of depositions** to be offered at trial shall be
filed by each party.  The list of exhibits shall describe the documents
or items  in numbered sequence.  The documents or items to be offered
as exhibits shall be numbered by attachment of gummed labels to
correspond with the sequence on the exhibit list.  In addition, counsel for
each party intending to offer exhibits shall **exchange a set** of marked
exhibits with opposing counsel and shall **deliver a set of marked exhibits
to the Court's chambers** (except large or voluminous items that cannot

be easily reproduced).  Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of case, case number, name of the party, and volume number of the binder.  A copy of the exhibit list must be furnished to the court reporter **prior** to trial.

(b) By **September 16, 2013**, the following **must** be filed.

1. **Jury Instructions:  Requested jury instructions (annotated)**[1] and issues shall be filed by each party.  The instructions and issues must be tailored to the specific case. They shall be submitted in hard copy and on disk in a Word Perfect format.

2. **Proposed Voir Dire Questions:    Proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel must be filed. The Court will submit to the jury a standard written questionnaire, a copy of which is available from chambers. The parties may, immediately upon receipt of a draft of same, propose necessary modifications to the form.  The Court, after completion of its voir dire, will allow counsel additional time to conduct their own voir dire examinations.

14. **Objections to Pretrial Materials and Motions in Limine:**  In addition to the objections to exhibits, and designated deposition testimony referenced in Paragraph 10, objections to witness lists shall be filed by **September 18, 2013**.  **Motions in limine,** if any, shall be filed by **September 18, 2013,** unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of that date.  The parties shall confer promptly to determine what limine items may be unobjectionable.  Not later than twenty-four hours before the time scheduled for pretrial conference, the parties shall advise the Court, in writing, of what limine items remain in genuine dispute.

---

[1] "Annotated" means that whenever possible, *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions.  The parties should, to the extent possible, rely principally on Fifth Circuit and Supreme Court cases, Northern District precedents, and Fifth Circuit pattern instructions.

Amended Patent Scheduling Order -  Page 7

15.     **Pretrial Conference:**    A **pretrial conference** in **this case** is set for **Friday, September 20, 2013, at 9:00 a.m.** Each party shall be represented by at least one attorney who will participate in the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial.  Fed. R. Civ. P. 16(b).  The Court will consider at that time pretrial motions not previously decided, and procedures for trial will be discussed.

16.     **Modification of Amended Patent Scheduling Order:**   The parties may agree to modify the deadlines  established by Paragraphs 2, 3, 5, 6, 7 and 11 of this Amended Patent Scheduling Order; provided, however, that objections to experts cannot be extended to a date less than twenty-eight (28) days before trial; and (2) any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court.  If the parties seek to extend any of the deadlines set forth in Paragraphs 4, 10, 13 or 14, they shall file a motion seeking such an extension before the deadline elapses.  This Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court.  Fed. R. Civ. P. 16(b).  **It is only under truly extraordinary circumstances that the Court will reset the trial date**.  If any such request is made, it must be made in writing and in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan and Local Rule 40.1 (motions for continuance must be signed by the party as well as by the attorney of record).

17.     Under Local Rule 7.1, unless otherwise directed by the Court, Responses to Motions must be filed by the twenty-first day after the Motion is filed, and Replies are to be filed by the fourteenth day after the date the Response is filed.  If the due date falls on a Saturday, Sunday, or federal holiday, the Response or Reply is due on the next business day.  Federal Rule 6(d), which provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F),  3 days are added after the period would otherwise expire under Rule 6(a)," does not apply to Response or Reply due dates, which are calculated under Local Rule 7.1 according to the Motion or Response's filing date, not the date of service.  If a party is unaware of the filing date of a Motion or Response, the party may contact the Court to ascertain that information.

18.     **Parties:**  Whenever the name of any party, or the name of the parent of a corporate entity changes during the proceeding, counsel or, if applicable, an unrepresented party, shall advise the Court of such change, within twenty (20) days of the event. It shall be the responsibility of counsel or any unrepresented party to remain fully advised of any such developments.

19.     **Compliance with this Order:**  Counsel and the parties are expected to comply fully with this Order.  Failure to comply will cause the Court to consider the entire range of sanctions available.

20.     **Inquiries:   Questions relating to this Amended Patent Scheduling Order are to be directed to Ms. Lori Anne Greco, Courtroom Deputy (214/753-2421)**.

**IT IS SO ORDERED** this 26th day of January, 2012.


BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS